WALTER E. LOUGH AND PERCY F. LOUGH, CO-PARTNERS, TRADING AS LOUGH BROTHERS, RESPONDENTS, v. SPICER MANUFACTURING COMPANY, APPELLANT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *Francis A. Gordon.*

For the respondents, *Saul Nemser* (*I. Faerber Goldenhorn*, of counsel).

The opinion of the court was delivered by

KALISCH, J. The record brought up by this appeal shows that a judgment was entered in the Supreme Court on the verdict of a jury, rendered in the Union County Circuit for $1,847.59, in favor of the plaintiff below against the defendant below.

The plaintiff, a partnership, brought its action to recover commissions alleged to have been earned by it for procuring two customers for products, manufactured by the defendant company.

The plaintiff was a foundry broker engaged in the business of procuring customers for foundry products on a commission basis. The defendant company was a manufacturer of foundry products, such as drop forgings, &c.

From the record it further appears that in the latter part of January, 1921, the plaintiff and defendant entered into a contract, evidenced by correspondence which passed between them, whereby it was agreed that five per cent. commission was to be paid by the defendant company, to the plaintiff, on all orders from customers for the company's products, procured through the efforts of the plaintiff.

It is an uncontroverted fact in the case, that after the agreement mentioned was entered into between the parties in controversy, the plaintiff produced as a customer a corporation known as the Fibre Cushion Horeshoe Company, which company ordered a large quantity of defendant's prod-

ucts to be manufactured by the latter, and to be delivered to the fibre company at a price agreed upon.

It appears from the testimony in the cause that at the time the order referred to was given for defendant's products by the fibre company, it was in financial straits, which situation culminated in the closing up of its business within three or four months after the order was given. The defendant company, in conformity with the contract made with the fibre company, manufactured and delivered to the latter a part of the order received from it, amounting to $234.40, and received that sum in payment thereof. The result of the closing up of the Fibre Cushion Company's business was to leave the defendant company with a large quantity of raw material it had obtained for the purpose of filling the contract made with the fibre company.

The record further discloses that one Peter C. Argyro was the president of the Fibre Cushion Company, and that he had one share of its stock in order to be president. He was actively engaged in promoting the business of the company, and is the individual who negotiated for the company, with the plaintiff, for the order which was given to the defendant company. From his testimony it appears that the Fibre Cushion Company went out of business altogether within a few months after its organization, and that during the period of liquidation a new company was organized, known as the P. C. A. Steel Fibre Horseshoe Company, of which company Argyro was treasurer.

This company, according to the evidence, was not connected in any wise with the Fibre Cushion Horseshoe Company, though Argyro was active in the management of the affairs of the newly-created company, and had been active in the management of the former company.

After the new company was organized, it entered into contracts, from time to time, with the defendant company, by the terms of which contracts it agreed to make horseshoes of a different kind from those which had been ordered by the Fibre Cushion Horseshoe Company, at a price agreed upon between it, the defendant company, and the newly-organized P. C. A. Steel Fibre Horseshoe Company.

The orders which the defendant company received from the new concern totalled $26,024.31, and it is upon this amount that the plaintiff is seeking to recover a commission of five per cent.

When the plaintiff rested its case there was an absence of proof that it, the plaintiff, had by any act on its part, or in any manner, produced the P. C. A. Steel Fibre Horseshoe Company, as a customer of the defendant. The proof, as it then stood, was clear and decisive that P. C. A. Steel Fibre Horseshoe Company had no connection whatever with the defendant, Fibre Cushion Horseshoe Company, and that the former company was a separate and distinct organization.

In this posture of the case, a motion for a nonsuit was made, on behalf of the defendant, upon the ground that the plaintiff's case was barren of any testimony to show that the plaintiff had produced the P. C. A. Steel Fibre Horseshoe Company as a customer of the defendant company, and, therefore, the plaintiff was not entitled to recover any commission on orders received by defendant company from the steel fibre company. The motion was refused, to which refusal counsel of defendant took an exception.

The action of the trial judge in refusing to grant the motion for a nonsuit constituted error. The circumstances of the defendant entering upon a defense is a matter of no importance. It did not impair the legal efficacy of the motion for a nonsuit, its denial by the court and the exception taken to the court's ruling.

Since nothing appears in the defendant's proof which tended to supply the failure of the plaintiff to establish that it had produced the defendant as a customer, it manifestly left the legal posture of the plaintiff's case as it originally stood when the plaintiff rested, and therefore the exception taken, as has been said, remained in full legal force and effect. There was no controverted question of fact materially affecting the merits of the case, requiring its submission to the decision of the jury. The nonsuit therefore should have been granted.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, DEAR, JJ.   13.